UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Stanley Zhong, Nan Zhong, and
SWORD (Students Who Oppose Racial
Discrimination),

    Plaintiffs,

v.

The Regents of the University of Michigan,

    Defendant.

Case No. 2:25-cv-10579
Hon. Gershwin A. Drain
Mag. Judge David R. Grand

---

| | |
|---|---|
| Stanley Zhong<br>211 Hope St., #390755<br>Mountain View, CA 94039<br><br>Nan Zhong<br>211 Hope St., #390755<br>Mountain View, CA 94039<br>(425) 698-9139<br>nanzhong1@gmail.com | Brian M. Schwartz (P69018)<br>Sydney G. Rohlicek (P85655)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>150 W. Jefferson Ave., Ste. 2500<br>Detroit, MI 48226<br>(313) 963-6420<br>*Attorneys for Defendant*<br>schwartzb@millercanfield.com<br>rohlicek@millercanfield.com |

**DEFENDANT'S MOTION FOR DEADLINE FOR PLAINTIFFS
TO FILE A FIRST AMENDED COMPLAINT**

Defendant, the Regents of the University of Michigan (the "University"), through its counsel, Miller, Canfield, Paddock and Stone, PLC, pursuant to Fed. R. Civ. P. 1 and 16, Eastern District of Michigan Local Rule 7.1, and the Court's inherent power to control its own docket, moves the Court to enter an Order setting a deadline requiring Plaintiffs Stanley Zhong and Nan Zhong to file a First Amended

Complaint before the University files its motion to dismiss in response to the current operative Complaint.  In support of this Motion, the University states:

1. On February 27, 2025, Plaintiffs Stanley ("Stanley") Zhong, Nan ("Nan") Zhong, and SWORD (Students Who Oppose Racial Discrimination) filed a three-count Complaint.  (ECF No. 1).

2. On April 8, 2025, the University executed a Waiver of Service of Summons.  (ECF No. 8).  Pursuant to that Waiver, the deadline for the University to answer or otherwise respond to Plaintiffs' Complaint is June 9, 2025.

3. On May 21, 2025, pursuant to Local Rule 7.1, the University sent Plaintiffs a detailed email requesting concurrence in an anticipated motion to dismiss. (Ex. 1, Email Chain at pp. 10-11).  The University explained the legal basis for dismissing each of Plaintiffs' claims and for striking portions of the Complaint that have nothing to do with the claims against the University.  The University also sought to schedule a meet and confer to discuss the anticipated motion.

4. In response, on May 23, Nan agreed to a meet and confer, but stated that he intended to file a First Amended Complaint:

> [I]n light of the issues you've raised, I intend to file a First Amended Complaint. This amendment will, among other things, further specify the parties against whom injunctive relief is sought and refine the factual allegations supporting my claims of significant constitutional magnitude. Should the University proceed to file a Motion to Dismiss, I anticipate filing this First Amended Complaint within the 21-day period permitted by FRCP 15(a)(1)(B) after service of such a motion. I hope this clarification might streamline our discussion.

2

(*Id.* at p. 10). On May 28, Nan provided more detail about his anticipated First Amended Complaint, including withdrawing claims for money damage and adding additional parties. (*Id.* at p. 9).

5. Later that same day, the University responded, attaching a proposed stipulated order that would set a deadline for Plaintiffs to file a First Amended Complaint as well as a deadline for the University to respond to the First Amended Complaint. (*Id.* at p. 8; Ex 2, Proposed Order).

6. Nan responded the same day. Despite implicitly acknowledging the legal deficiencies with large portions of the Complaint, Nan stated that he would not agree to the proposed stipulation. Instead, he wanted the University to engage in unnecessary motion practice by first filing its motion to dismiss. Specifically, he stated:

> Concerning the sequence of pleadings and the proposed stipulation: as I indicated previously, my firm intention is to file a First Amended Complaint that will, among other things, withdraw all claims for monetary damages, add specific University officials in their official capacity for the purpose of seeking injunctive relief, and further refine the factual allegations supporting my claims.
>
> To ensure this First Amended Complaint is as comprehensive and responsive as possible to the University's specific legal arguments, which I believe best serves judicial economy by potentially narrowing or resolving issues definitively, I intend to file it *after* the University has formally filed and served its Motion to Dismiss. This approach aligns with my rights under FRCP 15(a)(1)(B), which allows a plaintiff to amend once as a matter of course within 21 days after service of a Rule 12(b) motion.

> Therefore, I cannot agree to the proposed stipulation in its current form, as it reverses this intended sequence. However, I am fully prepared to discuss the substance of your anticipated Motion to Dismiss and the overall path forward for these initial pleadings during our meet and confer.

(*Id.* at pp. 7-8). In other words, Nan is seeking to have the University file a motion which will immediately become moot when Plaintiffs file a First Amended Complaint.

7. On May 29, 2025, pursuant to Local Rule 7.1(a), the University again requested that Plaintiffs agree to a schedule that would avoid unnecessary motion practice and save resources. (*Id.* at pp. 4-5). Plaintiffs responded that they would not agree to file their First Amended Complaint before seeing the University's motion to dismiss. (*Id.* at pp. 3-4). Plaintiffs stated that they "need to see [the University's] full legal reasoning and authorities before we could amend most effectively." (*Id.*) In other words, they claimed it was a "procedural right" that the University perform legal research and draft a complete motion identifying the deficiencies in claims that they already acknowledge need to be amended. (*See id.*) Because Plaintiffs denied concurrence, including at a meet and confer via Microsoft Teams on May 30, the University is filing this Motion.

8. Rule 1 states that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just,

4

speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

    9.    Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, **or later advocating it**—an attorney **or unrepresented party certifies** that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) **it is not being presented for any improper purpose**, such as to harass, **cause unnecessary delay, or needlessly increase the cost of litigation**;
> >
> > (2) **the claims**, defenses, and other legal contentions **are warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added).

    10.    Local Rule 7.1(a) requires parties to seek concurrence prior to filing motions. The purpose of the rule is to seek voluntary compliance through "an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the

contemplated motion." E.D. Mich. L.R. 7.1(a)(1). The same Rule also permits the Court to "impose sanctions for unreasonable withholding of consent." E.D. Mich. L.R. 7.1(a)(3).

11. Although the University is not currently asking the Court to impose sanctions under Fed. R. Civ. P. 11(b) or Local Rule 7.1(a)(3), those rules demonstrate that Plaintiffs litigation tactics are not proper.

12. Here, Plaintiffs' actions violate the letter and spirit of these rules. Plaintiffs effectively admit that their current operative Complaint contains legal deficiencies that they intend to attempt to correct through a First Amended Complaint. Despite this, they are withholding consent to dismiss any portion of their current claims in response to the University's anticipated Motion to Dismiss. This will cause unnecessary delay as well as needlessly increase the costs of litigation because the University will be briefing legal claims that Plaintiffs currently intend to withdraw.

Accordingly, the University requests that the Court enter an Order:

(a) staying the deadline for the University to respond to the Complaint pending the resolution of this Motion; and

(b) requiring Plaintiffs to file a First Amended Complaint within fourteen (14) days of the entry of the Order and requiring the University to file its motion to dismiss in response to the First Amended Complaint within twenty-one (21) days after the First Amended Complaint is filed.

Dated: May 30, 2025           Respectfully submitted,

*/s/Brian M. Schwartz*
Brian M. Schwartz (P69018)
Sydney G. Rohlicek (P85655)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 W. Jefferson Ave., Ste. 2500
Detroit, MI 48226
(313) 963-6420
*Attorneys for Defendant*
schwartzb@millercanfield.com
rohlicek@millercanfield.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Stanley Zhong, Nan Zhong, and
SWORD (Students Who Oppose Racial
Discrimination),

      Plaintiffs,

v.

The Regents of the University of Michigan,

      Defendant.

Case No. 2:25-cv-10579
Hon. Gershwin A. Drain
Mag. Judge David R. Grand

---

| Stanley Zhong | Brian M. Schwartz (P69018) |
|---|---|
| 211 Hope St., #390755 | Sydney G. Rohlicek (P85655) |
| Mountain View, CA 94039 | MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. |
| Nan Zhong | 150 W. Jefferson Ave., Ste. 2500 |
| 211 Hope St., #390755 | Detroit, MI 48226 |
| Mountain View, CA 94039 | (313) 963-6420 |
| (425) 698-9139 | *Attorneys for Defendant* |
| nanzhong1@gmail.com | schwartzb@millercanfield.com |
| | rohlicek@millercanfield.com |

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION FOR DEADLINE FOR PLAINTIFFS
TO FILE A FIRST AMENDED COMPLAINT**

      For its Brief, the Regents of the University of Michigan rely on the statements and rules set forth in its Motion.

Dated: May 30, 2025      Respectfully submitted,

                            */s/Brian M. Schwartz*
                            Brian M. Schwartz (P69018)

## **CERTIFICATE OF SERVICE**

I hereby certify that May 30, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF/CM filing system which will send notification of such filing to the attorneys of record.

<u>/s/Brian M. Schwartz</u><br>
Brian M. Schwartz (P69018)