UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Stanley Zhong, et al. (Pro Se),**<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>**The Regents of University of Michigan**<br><br>　　　　　　　　Defendant. | Case No. 2:25-cv-10579<br><br>Hon. Gershwin A. Drain<br>Mag. Judge David R. Grand |

Stanley Zhong
211 Hope St., #390755
Mountain View, CA 94039

Nan Zhong
211 Hope St., #390755
Mountain View, CA 94039
(425) 698-9139
nanzhong1@gmail.com

Brian M. Schwartz (P69018)
Sydney G. Rohlicek (P85655)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Attorneys for Defendant

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR DEADLINE FOR**

**PLAINTIFFS TO FILE A FIRST AMENDED COMPLAINT AND MOTION FOR**

**EMERGENCY CONSIDERATION**

Plaintiffs Stanley Zhong and Nan Zhong ("Plaintiffs"), proceeding pro se, respectfully submit this Opposition to the Motion for Deadline for Plaintiffs to File a First Amended Complaint ("Motion for FAC Deadline") and the associated Motion for Emergency Consideration filed by Defendant, the Regents of the University of Michigan ("Defendant" or "the University"). (ECF No. 17). For the reasons set forth below, Plaintiffs respectfully request that this Honorable Court deny both of Defendant's motions.

**INTRODUCTION**

Plaintiffs intend to file a First Amended Complaint ("FAC") in this matter to, among other things, withdraw all claims for monetary damages, add appropriate University officials in their official capacities as defendants for the purpose of seeking prospective injunctive relief, and further refine their factual allegations. Plaintiffs have consistently maintained that they seek to do so, as is their right under Federal Rule of Civil Procedure (FRCP) 15(a)(1)(B), *after* reviewing Defendant's anticipated Motion to Dismiss the current Complaint. This approach ensures Plaintiffs' one amendment as a matter of course is comprehensive and directly responsive to Defendant's specific legal challenges, thereby promoting true judicial economy. Defendant's motion improperly seeks to compel Plaintiffs to amend on an accelerated schedule before seeing Defendant's formal arguments, which is contrary to the plain language and spirit of FRCP 15 and would hinder Plaintiffs' ability to amend effectively. Furthermore, no genuine emergency warrants expedited consideration of Defendant's motion.

**ARGUMENT**

**I. DEFENDANT'S MOTION FOR EMERGENCY CONSIDERATION SHOULD BE DENIED AS NO TRUE EMERGENCY EXISTS.**

Defendant seeks emergency consideration for its Motion for FAC Deadline, presumably due to its impending June 9, 2025, deadline to respond to Plaintiffs' original Complaint. However, this does not constitute a true emergency warranting deviation from the Court's standard motion practice.

Defendant has been aware of its response deadline since executing a waiver of service on April 8, 2025. The current dispute is about the *sequence* of pleadings, not an issue of irreparable harm or a situation requiring immediate Court intervention to preserve the status quo. Defendant can file its Motion to Dismiss the current Complaint by its June 9, 2025 deadline. Plaintiffs will then file their FAC within 21 days, as permitted by FRCP 15(a)(1)(B). This established procedure does not create an emergency. The Court has ample time to consider Defendant's Motion for FAC Deadline under its regular motion schedule if it so chooses, though Plaintiffs maintain that motion should also be denied.

**II. DEFENDANT'S MOTION FOR AN ORDER SETTING A DEADLINE FOR PLAINTIFFS TO FILE A FIRST AMENDED COMPLAINT SHOULD BE DENIED.**

**A. Plaintiffs Have a Right to Amend After Service of a Rule 12(b) Motion.**

FRCP 15(a)(1)(B) explicitly grants a party the right to amend its pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Defendant has

stated its clear intention to file a Motion to Dismiss under Rule 12(b). Plaintiffs intend to exercise their right to amend their Complaint within 21 days *after* Defendant files and serves such a motion.

Defendant's motion seeks to preempt this right and compel Plaintiffs to amend on a schedule dictated by Defendant, before Plaintiffs have had the opportunity to review Defendant's complete and formal legal arguments. This is contrary to the plain language and intent of FRCP 15(a)(1)(B).

**B. An Informed Amendment After Reviewing Defendant's Motion Promotes Judicial Economy and a Just Determination.**

Defendant argues that requiring it to file a Motion to Dismiss a Complaint that Plaintiffs intend to amend is a "costly waste of resources" and contrary to FRCP 1. Plaintiffs respectfully disagree. An amendment made *after* reviewing a detailed Motion to Dismiss is more likely to be effective, targeted, and comprehensive. This approach allows Plaintiffs to:

1. Understand the precise legal and factual bases for Defendant's challenges. Defendant's email of May 21, 2025, (Def.'s Mot. Ex. 1 at pp. 10-11), while providing an outline, is not a substitute for a formal motion containing specific legal citations, developed arguments, and potentially supporting exhibits or declarations. For example, Defendant raised several complex issues, such as the specifics of Nan Zhong's standing, which require review of Defendant's full legal reasoning before Plaintiffs can amend most effectively to address those concerns.

2. Craft a First Amended Complaint that directly addresses all articulated deficiencies. This can lead to a more robust pleading that may obviate the need for further motions to dismiss on the same grounds, or at least significantly narrow the issues for the Court. This ultimately *serves* the goals of FRCP 1 for a "just, speedy, and inexpensive determination."

Forcing Plaintiffs to amend "in the dark" without seeing Defendant's complete Motion to Dismiss risks an incomplete or less effective amendment, which could paradoxically lead to further motion practice and delay.

**C. Plaintiffs' Position is Not an Improper Tactic but an Assertion of Procedural Rights for Effective Litigation and Has Been Consistent.**

Defendant mischaracterizes Plaintiffs' desire to amend after seeing the Motion to Dismiss as an "improper litigation tactic" or an attempt to have Defendant perform Plaintiffs' legal research (Def.'s Mot. ¶¶ 7, 11-12). This is incorrect. It was Plaintiffs who initiated the current email exchange regarding case management on May 20, 2025 (Def.'s Mot. Ex. 1, Nan Zhong Email of May 20), with the express desire to move the case forward efficiently. After Defendant's counsel outlined their anticipated motion on May 21, Plaintiff Nan Zhong replied on May 23. Receiving no response, Plaintiff Nan Zhong proactively followed up on May 28, 2025, further disclosing Plaintiffs' plan to withdraw all claims for monetary damages as a good faith effort to streamline the litigation (Def.'s Mot. Ex. 1, p. 9).

Plaintiffs' disclosures about their planned amendments—including withdrawing monetary damage claims and adding appropriate officials—were made in good faith for

judicial efficiency and transparency. This proactive communication should not be used to disadvantage Plaintiffs or negate their procedural rights. To the contrary, it demonstrates Plaintiffs' commitment to focusing the litigation on the core issues.

All along, Plaintiffs' position has consistently been to file their FAC in response to Defendant's Motion to Dismiss, as clearly stated in Plaintiff Nan Zhong's email of May 23, 2025 (Def.'s Mot. Ex. 1, p. 10) and reiterated during the meet and confer on May 30, 2025. Plaintiffs' reliance on FRCP 15(a)(1)(B) is a good-faith assertion of a procedural right intended to ensure that their one amendment as a matter of course is meaningful and contributes to the just and efficient resolution of this matter.

### D. The Proposed 14-Day Deadline is Unduly Short for Pro Se Litigants.

Even if the Court were inclined to order an amendment before Defendant files its Motion to Dismiss, the 14-day deadline proposed by Defendant is unreasonably short. It is even shorter than the 21-day period allowed under FRCP 15(a)(1)(B). Plaintiffs are proceeding pro se, and have full-time employment. Preparing a comprehensive First Amended Complaint "in the dark" requires significantly more than 14 days for pro se litigants to accomplish diligently. However, Plaintiffs maintain that the primary issue is not the length of the deadline, but the impropriety of compelling an amendment before Defendant files its initial responsive pleading under Rule 12.

### CONCLUSION

For the foregoing reasons, Plaintiffs Stanley Zhong and Nan Zhong respectfully request that this Honorable Court DENY Defendant's Motion for Emergency Consideration and

DENY Defendant's Motion for Deadline for Plaintiffs to File a First Amended Complaint. Plaintiffs further respectfully state their intention to file their First Amended Complaint within 21 days following the service of Defendant's responsive pleading or motion under Rule 12, as provided by FRCP 15(a)(1)(B).

Dated: May 30, 2025

Respectfully submitted,

*Nan Zhong*

Nan Zhong

Plaintiff, Pro Se

*Stanley Zhong*

Stanley Zhong

Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2025, I electronically filed the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR DEADLINE FOR PLAINTIFFS TO FILE A FIRST AMENDED COMPLAINT AND MOTION FOR EMERGENCY CONSIDERATION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered for electronic service.

Nan Zhong   *Nan Zhong*