**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

STANLEY ZHONG and NAN ZHONG, *on behalf of his* MINOR SON,

Plaintiffs,

v.

THE BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN, SANTA ONO, Former President of the University of Michigan, *in his personal capacity*, STEVEN L. CECCIO, Former Interim Dean of the University of Michigan College of Engineering, *in his personal capacity*, KAREN THOLE, Dean of the University of Michigan College of Engineering, *in her official capacity*, LAURIE MCCAULEY, Provost of the University of Michigan, *in her personal and official capacities*, ERICA L. SANDERS, Assistant Vice Provost and Executive Director of Undergraduate Admissions for the University of Michigan, *in her personal and official capacities*,

Defendants.

Case No. 2:25-cv-10579
Hon. Judith E. Levy
Mag. Judge David R. Grand

**RESPONSE TO PLAINTIFFS' NOTICE OF RECENT SUPPLEMENTAL <u>AUTHORITY</u>**

David Nacht (P47034)
Fabiola A. Galguera (P84212)
NACHTLAW, P.C.
501 Avis Drive, Suite 3
Ann Arbor, MI 48108
(734) 663-7550
*Attorneys for Plaintiffs*
dnacht@nachtlaw.com
fgalguera@nachtlaw.com

Brian M. Schwartz (P69018)
Sydney G. Rohlicek (P85655)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 W. Jefferson Ave., Suite 2500
Detroit, MI 48226
(313) 963-6420
*Attorneys for University Defendants*
schwartzb@millercanfield.com
rohlicek@millercanfield.com

Defendants respond to Plaintiffs' September 28, 2026 *Notice of Recent Supplemental Authority* as follows:

***Zhong v. University of Washington Board of Regents*, Case No. 2:25-cv-00348-JLR, Dkt. 50 (W.D. Wash. Aug. 7, 2026)**. Although *University of Washington* involved the same plaintiffs as the instant case, any similarity between the cases ends there. In that case, Stanley Zhong was denied admission to the University of Washington's college of engineering. In support of their discrimination claims, plaintiffs cited the college of engineering's five-year "diversity, equity, inclusion, and access" plan, which "explicitly established race-based enrollment targets." (*Id.*, slip op. at 3). These "target goals," the court found, "lead[] to the inference that the University is nevertheless considering applicants' race." (*Id.* at 18).

By contrast, Plaintiffs do not identify any non-conclusory facts that the University of Michigan's College of Engineering engages in any similar racial admissions "targets" or quotas. Instead, Plaintiffs obliquely refer to a UM Computer Science and Engineering Climate, Diversity, Equity, and Inclusion Report from 2022-23. (ECF No. 35, ¶¶ 54-57, PageID.605-606). That report[1] provides enrollment data and trends (including noting an increase in Asian student enrollment (*id.* at 5-

[1] https://cse.engin.umich.edu/wp-content/uploads/sites/3/2025/03/Climate-Report-22-23.pdf

6)), but *does not* describe any admissions targets and specifically states that "admissions … decisions *cannot* be based on qualities such as race or gender," (*id.* at 3).

*University of Washington*'s discussion of qualified immunity also does not assist Plaintiffs. In that case, the court denied qualified immunity to all individual defendants based on what it perceived to be the existence of "rigid racial quotas." (*Id.*, slip op. at 21). As noted above, similar allegations are not present in Plaintiffs' Second Amended Complaint here. And *University of Washington* did not conduct the required defendant-specific analysis to determine whether each official's actions violated a clearly established right.

Overall, *University of Washington* has no bearing on the outcome of this case.

***Sargent v. Sch. Dist. of Philadelphia*, 165 F.4th 727 (3d Cir. 2026)**. Plaintiffs cite this case in support of their apparent argument that they can pursue disparate impact discrimination claims under the Equal Protection Clause and Title VI. But that case, which arose in a summary judgment context, makes no such broad statement. Instead, the Third Circuit explained that "challengers must always prove racially discriminatory *intent*, not just impact." *Id.* at 748. Thus, *Sargent* does not impact the case law cited in Defendants' earlier briefs that require Plaintiffs to plausibly plead intentional discrimination, which they do not do. (ECF No. 41, PageID.672, 678-681). Finally, any discussion in *Sargent* about how to consider

statistical evidence is irrelevant because the complaint here lacks the specific contextual, statistical, and decisionmaker evidence that drove *Sargent*.

***Washington v. First National Bank of Pennsylvania*, 179 F.4th 1008 (6th Cir. 2026).** In *Washington*, the Sixth Circuit held that a plaintiff does not have to plead facts establishing a *prima facie* case under the burden-shifting *McDonnell-Douglas* standard. But *Washington* did not usher in a relaxed pleading standard. Nor did *Washington* displace the pleading requirements established in *Iqbal* and *Twombly*. Instead, *Washington* confirmed that to survive dismissal, a complaint must "contain[] sufficient facts to support a reasonable inference" of discrimination. *Id.* at 1014. Affirming dismissal, the court held that the "conclusory assertion[s] … fall into the category of naked assertions devoid of further factual enhancement proscribed by the Supreme Court's opinions in *Iqbal* and *Twombly*." *Id.* at 1015. Applying *Washington*, Plaintiffs here must plead plausible facts of intentional discrimination. As set forth in Defendants' initial brief and reply, they do not. (ECF No. 41; ECF No. 46).

Accordingly, none of Plaintiffs' supplemental authorities alter the governing pleading standards or cure the deficiencies identified in Defendants' motion, which should be granted.

Dated: September 30, 2026

Respectfully submitted,
/s/Brian M. Schwartz (P69018)
Brian M. Schwartz (P85655)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/Brian M. Schwartz
Brian M. Schwartz (P69018)