**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

STANLEY ZHONG and NAN ZHONG, *on behalf of his* MINOR SON,

Plaintiffs,

v.

THE BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN, SANTA ONO, Former President of the University of Michigan, *in his personal capacity*, STEVEN L. CECCIO, Former Interim Dean of the University of Michigan College of Engineering, *in his personal capacity*, KAREN THOLE, Dean of the University of Michigan College of Engineering, *in her official capacity*, LAURIE MCCAULEY, Provost of the University of Michigan, *in her personal and official capacities*, ERICA L. SANDERS, Assistant Vice Provost and Executive Director of Undergraduate Admissions for the University of Michigan, *in her personal and official capacities*,

Defendants.

Case No. 2:25-cv-10579
Hon. Judith E. Levy
Mag. Judge David R. Grand

**DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

David Nacht (P47034)
Fabiola A. Galguera (P84212)
NACHTLAW, P.C.
501 Avis Drive, Suite 3
Ann Arbor, MI 48108
(734) 663-7550
*Attorneys for Plaintiffs*
dnacht@nachtlaw.com
fgalguera@nachtlaw.com

Brian M. Schwartz (P69018)
Sydney G. Rohlicek (P85655)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 W. Jefferson Ave., Suite 2500
Detroit, MI 48226
(313) 963-6420
*Attorneys for University Defendants*
schwartzb@millercanfield.com
rohlicek@millercanfield.com

Defendants bring to the Court's attention a relevant decision issued after briefing concluded on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. In a parallel case brought by Plaintiffs Stanley Zhong and Nan Zhong (on behalf of his minor son) against Cornell University, the Northern District of New York recently dismissed Plaintiffs' claims in their entirety. *Zhong v. Cornell University*, No. 3:25-CV-365 (ECC/ML), 2026 WL 2937923 (N.D.N.Y. Sept. 30, 2026) (Ex. 1).

In *Cornell University*, the court found that Nan Zhong's minor son lacked standing to pursue his claims because he was not "able and ready" to apply for admission at the time the complaint was filed. *Id.* at *4-5. It also found that Stanley Zhong lacked standing to pursue claims for prospective injunctive relief where he failed to plead that he was "able and ready" to re-apply. *Id.* at *5.

Addressing the Title VI claim, the court rejected Plaintiffs' reliance on statistical data drawn from the general population. *Id.* at *6-9. It also found that statements made by Cornell in an amicus brief filed in *SFFA*, as well as statements by the former Cornell President the day after the *SFFA* ruling came out, were insufficient to establish an intentional discrimination claim. *Id.* at *9. According to the court, "[a]lthough these statements may shed light on Cornell's views of *SFFA*, there is nothing on their face to support an inference of discriminatory intent with

respect to Stanely's admissions decision." *Id.* The court dismissed Plaintiffs' 1981 claim for the same reasons. *Id.* at *10.

Plaintiffs' Second Amended Complaint in this case asserts identical claims based on similarly sparse allegations. The reasoning that led the district court in *Cornell University* to dismiss applies with equal force here. Unlike in *Cornell University*, however, the Court should not grant further leave to amend, since Plaintiffs here have already filed three complaints, including one filed with the assistance of counsel after Defendants filed a motion to dismiss.

Dated: October 26, 2026

Respectfully submitted,
/s/Brian M. Schwartz (P69018)
Brian M. Schwartz (P69018

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/Brian M. Schwartz
Brian M. Schwartz (P69018)